IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **KATHY PRIDDY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **COMMON HEALTH CORPORATION, INC.,** | ) |
| **d/b/a HILLCREST CREDIT AGENCY,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, KATHY PRIDDY, by and through her attorneys, SHANE HALL ATTORNEY AT LAW, PLLC, and for her Complaint against the defendant, COMMON HEALTH CORPORATION, INC., d/b/a HILLCREST CREDIT AGENCY, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KATHY PRIDDY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bowing Green, County of Warren, State of Kentucky.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Interventional Pain Specialist (hereinafter, "the Debt").

6. The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMON HEALTH CORPORATION, INC., d/b/a HILLCREST CREDIT AGENCY, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kentucky. Defendant's principal place of business is located in the State of Kentucky. Defendant is incorporated in the State of Kentucky.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In late January of 2017, on behalf of Interventional Pain Specialist, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. The aforesaid correspondence was the initial communication with Plaintiff.

16. In the correspondence sent to Plaintiff by Defendant, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

17. Immediately thereafter, and within 30 days of the date Plaintiff received Defendant's aforesaid letter, Plaintiff sent a written correspondence to Defendant.

18. Defendant received Plaintiff's correspondence.

19. In the correspondence sent by Plaintiff to Defendant, Plaintiff stated that her correspondence was being sent in response to a letter received from Defendant.

20. In the correspondence sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

21. On February 10, 2017, Defendant provided a response to Plaintiff's demand for validation of the debt.

22. In its response, Defendant provided that Plaintiff owed a total of $3,233.03. Defendant also provided that the balance was comprised of a principal of $2,424.83, interest of 0.00 and "fees" of $808.20.

23. Nowhere in the February 10, 2017 correspondence from Defendant does it identify what the "fees" are for or what type of "fees" they are collecting.

24. The fees of $808.20 that Defendant is attempting to collect from Plaintiff is not permitted by any law.

25. The fees of $808.20 that Defendant is attempting to collect from Plaintiff is not contemplated by the agreement between Plaintiff and the original creditor.

26. The agreement between Plaintiff and Interventional Pain Specialist, with respect to the payment of any outstanding debt, provided, "[t]he undersigned understands and agrees that the account balance is due in full upon receipt of the statement. If the account is not paid in full within 10 days from the date the statement is received, the undersigned agrees to be liable for all costs of collection including attorney's fees and court costs."

27. Nowhere in the agreement does it provide for any other type of fees other than "attorney's fees."

28. The $808.20 that defendant is attempting to collect is not a "cost of collection."

29. The $808.20 that defendant is attempting to collect is not "attorney's fees."

30. No lawsuit has been filed against Plaintiff, and therefore, there are no court costs to pay.

31. In its attempts to collect the debt allegedly owed by Plaintiff to Interventional Pain Specialist, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATHY PRIDDY, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KATHY PRIDDY**

By:  s/ Kolbe A. Page
      Attorney for Plaintiff

Dated: June 22, 2017

Kolbe A. Page (Bar #96111)
Shane Hall Attorney at Law, PLLC
P.O. Drawer 472
Pikeville, KY 41502
Telephone:	606-433-0433
Facsimile:	606-433-9002
E-Mail:	kolbe@shanehalllaw.com